Susan Mary Rotkis
AZ Bar No. 032866
VSB No. 40693
**Consumer Litigation Associates West, PLLC**
382 South Convent Avenue
Tucson, AZ 85701
520-622-2481
srotkis@clalegal.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

Luticia Taylor, *on behalf of herself and all others similarly situated,*

Plaintiff,

v.

First Advantage Background Services, Corp.,

SERVE: Corporation Service Company
2338 W. Royal Palm Rd., Ste. J
Phoenix, Arizona 85021

Defendant.

Civil Action No.: ______________

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

(Demand for Jury Trial)

The Plaintiff, Luticia Taylor, on behalf of herself and all similarly situated individuals, by counsel, hereby files the following complaint against the Defendant, First Advantage Background Services, Corp.

## PRELIMINARY STATEMENT

1. This is an action for statutory, actual and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681, *et seq.*, the Fair Credit Reporting Act ("FCRA"). The FCRA imposes several important procedural protections on consumer

reports that are sold for an employment purpose, which are designed to protect consumers like the Plaintiff. Defendant prepared an employment-purposed consumer report regarding the Plaintiff and provided it to her potential consumer, but did not follow the FCRA's requirements for such a report.

## JURISDICTION

2. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

## PARTIES

3. The Plaintiff is a natural person, and at all times relevant to the Complaint was a "consumer" as defined by the Fair Credit Reporting Act at § 1681a. The Plaintiff resides in Phoenix, Arizona.

4. Defendant First Advantage is a consumer reporting agency ("CRA") as that term is defined by 15 U.S.C. § 1681a, with its principal place of business in Atlanta, Georgia. At all times relevant to this Complaint, First Advantage operated as a CRA as governed by the FCRA. It is regularly engaged in the business of assembling, evaluating, and disbursing consumer information reports to third parties, including and within this District and Division.

## STATEMENT OF FACTS

5. In or around November 2015, Plaintiff applied for a job with Diversant, LLC.

6. In connection with Plaintiff's application, Diversant procured Plaintiff's employment-purposed consumer report ("consumer report") from First Advantage.

7. The consumer report that First Advantage furnished to Diversant contained public record information likely to have an adverse effect upon Plaintiff's ability to obtain employment. First Advantage furnished this information to Diversant for the purpose of determining Plaintiff's eligibility for employment.

8. Despite providing a report that contained public record information likely to have an adverse effect upon Plaintiff's ability to obtain employment for employment purposes, First Advantage failed to provide notice to Plaintiff that it was doing so along with the name and address of the person to whom such information was being reported.

9. First Advantage also did not and cannot comply with 15 U.S.C. § 1681k(a)(2). If at-the-time notice is not utilized when providing adverse public record information in an employment-purposed consumer report, a CRA must employ "strict procedures" designed to ensure that the information it reports is "complete and up-to-date." 15 U.S.C. § 1681k(a)(2). First Advantage cannot meet the strict procedures requirement because the public-record information it obtains for use in its background reports is never the true court record from the original courthouse source. Instead, First Advantage buys bulk data consisting of incomplete and outdated abstracts of courthouse records, which do not meet the requirements of § 1681k(a)(2).

10. Furthermore, the consumer report that Defendant First Advantage furnished regarding the Plaintiff was materially inaccurate.

11. By way of example only, First Advantage reported that Plaintiff had one or more criminal convictions, including for a violation of Section 273A(B) of the California Penal Code in 2002.

12. This was inaccurate. That case was dismissed.

13. Accordingly, First Advantage's report regarding the Plaintiff was inaccurate, materially incomplete, and also patently misleading so as to be false.

14. In furnishing this inaccurate consumer report about the Plaintiff, First Advantage failed to follow reasonable procedures to assure maximum possible accuracy of the information in the report.

15. The criminal record information that the Defendant reported about the Plaintiff was also more than seven years old. Under the FCRA, the Defendant was not permitted to report a record of arrest that was more than seven years old.

16. First Advantage's failures to provide the required FCRA information to Plaintiff and the putative class members injured the Plaintiff and putative class members because it deprived them of timely information that Congress mandated they receive. It also deprived them of the ability to dispute inaccurate information in their employment-purposed consumer background reports before Diversant took adverse action against them.

17. Plaintiff and the putative class members have a common law right to know the information in their consumer reports. Congress sought to enhance the protection of that right by enacting the FCRA and incorporating many consumer-oriented safeguards, including that an employer provide them with a copy of their consumer report and a summary of rights before taking any adverse action based in whole or in part on that report. The FCRA expresses Congress's mandate that "consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel,

insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter." 15 U.S.C. § 1681(b).

18. The conduct that Defendant engaged in is precisely the type of conduct that Congress sought to prevent with the restrictions it has imposed on access to consumers' sensitive, personal information.

19. Plaintiff and the putative class members therefore suffered a concrete, in-fact injury that is directly traceable to Defendant's conduct and that is likely to be redressed by a favorable decision here.

20. In addition, Plaintiff was individually injured by the publication of inaccurate and misleading information in the consumer report that delayed her employment and ultimately resulted in termination.

21. Plaintiff was also individually injured by First Advantage's failure to provide her with timely notice that her employment purposed consumer report had been provided to Diversant and that it contained public record information that was likely to have an adverse impact on employment and a copy of the report as required by the FCRA.

22. Due to the inaccuracy in the report caused by First Advantage's failure to use reasonable procedures to assure maximum possible accuracy, Plaintiff suffered deprivation of timely information, loss of employment and invasion of privacy that resulted in emotional distress, inconvenience, damage to reputation, anxiety and humiliation.

23. First Advantage's conduct against the Plaintiff was willful.

24. As a matter of practice, First Advantage regularly and consistently: (a.) fails to establish or to follow reasonable procedures to assure the maximum possible accuracy of the consumer reports that it publishes and maintains; (b.) reports records of arrest that, from the date of entry, antedate the report by more than seven years; and (c.) fails to either provide the notice required by 15 U.S.C. § 1681k(a)(1) or maintain strict procedures designed to insure that whenever public record information is likely to have an adverse effect of a consumer's ability to obtain employment is reported it is complete and up to date.

25. First Advantage's procedures and conduct were carried out as First Advantage intended and were not a mere accident or mistake. First Advantage's actions constituted its standard procedures and policy of conducting business.

26. First Advantage is well aware of its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA, judicial decisions interpreting the Act, and in the promulgations of the Federal Trade Commission and the Consumer Financial Protection Bureau.

27. Further, upon information and belief, First Advantage obtained or had available substantial written materials that informed it of its duties under the FCRA.

28. Despite knowing of these legal obligations, First Advantage acted consciously and willfully in breaching its known duties and depriving the Plaintiff of her rights under the FCRA.

29. Plaintiff alleges that First Advantage's conduct as alleged herein was consistent with its established and systematically executed procedures and policies of

noncompliance with the FCRA.

30. Therefore, First Advantage's conduct was willful and entitles Plaintiff to recover punitive damages for its violations of the FCRA.

**COUNT I: VIOLATION of 15 U.S.C. § 1681c**
**Class Claim**

31. Plaintiff restates each allegation in the preceding paragraphs as if set for herein.

32. **The Obsolescence Class**. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings the action individually and on behalf of a class initially defined as follows ("the Class"):

> All consumers residing in the United States (including all territories and other political subdivisions of the United States) who were the subject of a First Advantage consumer report that contained records of arrest that predated the report by more than seven years.

33. **Numerosity**. The Class members are so numerous that joinder of all is impractical. The class members' names and addresses are identifiable through documents maintained by the Defendant, and the class members may be notified of the pendency of the action by published and/or mailed notice.

34. **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all class members. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things: (a) whether First Advantage failed to exclude prohibited information in consumer reports and background checks pursuant to § 1681c; and (b) whether First Advantage acted knowingly and intentionally or with conscious disregard of the rights of the consumers.

35. **Typicality**. Plaintiff's claims are typical of the claims of each Class member and all are based on the same facts and legal theories. Upon information and belief, it is First Advantage's standard practice to obtain and report information prohibited by § 1681c. For purposes of class certification only, Plaintiff seeks only statutory and punitive damages. Plaintiff would seek individual or actual damages only if class certification is denied. In addition, Plaintiff is entitled to the relief under the same causes of action as the other members of the Class.

36. **Adequacy**. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices against consumers and class actions. Neither Plaintiff nor her counsel have any interests that might cause them not to vigorously pursue the action. Plaintiff is aware of her responsibilities to the putative class and has accepted such responsibilities.

37. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

a. As alleged above, the questions of law or fact common to the members of the classes predominate over any questions affecting an individual member. Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues. The statutory and punitive damages sought by each member are such that the individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by First Advantage's conduct. Further, those individual issues that do exist can be effectively streamlined and resolved in a manner that minimizes the individual complexities and differences of proof in the case.

b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually. Further, most consumers about whom First Advantage reported this type of information are likely unaware of their rights under the law or who they could find to represent them in federal litigation. Individual litigation of the uniform issues in this case would be a waste of judicial resources as well. The issues at the core of this case are class wide and should be resolve at one time. One win for one consumer would set the law for every similarly situated consumer.

38. First Advantage violated 15 U.S.C. § 1681c by reporting records of arrest that predated the consumer reports that it issued about the Plaintiff and the putative class members by more than seven years.

39. Plaintiff seeks statutory and punitive damages as well as attorney's fees and costs for herself and all other similarly situated individuals for First Advantage's willful violation pursuant to 15 U.S.C. § 1681n.

40. In the alternative, Plaintiff seeks actual damages as well as attorney's fees and costs for herself and all others similarly situated for First Advantages' negligent violation pursuant to 15 U.S.C. § 1681o.

**COUNT TWO: VIOLATION OF 15 U.S.C. § 1681k**
**Individual Claim**

41. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

42. First Advantage violated 15 U.S.C. § 1681k(a)(1) by failing to provide the

required FCRA notices to the Plaintiff at the time it furnished public record information regarding the Plaintiff to Diversant.

43. As a result of Defendant First Advantage's conduct, action, and inaction, Plaintiff suffered actual damages.

44. First Advantage's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, First Advantage was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

45. Plaintiff is entitled to recover actual, statutory and punitive damages, costs, and her attorneys' fees from First Advantage in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o

**COUNT TWO: VIOLATION OF 15 U.S.C. § 1681e(b)**
**Individual Claim**

46. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

47. Defendant First Advantage violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report and credit files it published and maintained concerning the Plaintiff.

48. As a result of Defendant First Advantage's conduct, action, and inaction, Plaintiff suffered actual damages.

49. Defendant First Advantage's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court

pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

50. Plaintiff is entitled to recover actual damages, statutory damages, costs, and her attorney's fees from Defendant First Advantage in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

WHEREFORE, the Plaintiff, on behalf of herself and the putative class members, moves for statutory, actual, and punitive damages against the Defendant; for attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate; and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**LUTICIA TAYLOR**, *on behalf of herself and of all similarly situated individuals*

By: /s/
Of Counsel

Susan Mary Rotkis
AZ Bar No. 032866
VSB No. 40693
**Consumer Litigation Associates West, PLLC**
382 South Convent Avenue
Tucson, AZ 85701
520-622-2481
srotkis@clalegal.com