IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luticia Taylor, *on behalf of herself and all others similarly situated*,<br><br>　　　　Plaintiff,<br><br>v.<br><br>First Advantage Background Services Corp.,<br><br>　　　　Defendant. | No. CV17-1710-PHX DGC<br><br>**AGREED PROTECTIVE ORDER** |

Plaintiff LUTICIA TAYLOR and Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP., having consented through their respective attorneys for the entry of this Agreed Protective Order in order to protect the confidentiality of certain information and to facilitate discovery,

**IT IS HEREBY ORDERED THAT:**

1. Given the subject matter of this action, the parties reasonably expect that certain discovery and/or testimony in this case might involve materials that are confidential, subject to restrictions and/or confidentiality agreements, or otherwise subject to the protections of Rule 26(c) of the Federal Rules of Civil Procedure. To facilitate the orderly progress of discovery of these matters, the parties hereby stipulate and agree to the entry of this Order.

2. This Order shall remain in effect for the duration of this action unless otherwise ordered by the Court or agreed by the parties.

3. This Order shall apply to the parties and any non-party from whom discovery may be sought and who desires the protection of this Order.

4. Designations of information as "Confidential" pursuant to this Order are intended strictly for the purpose of facilitating the litigation of this matter.

5. The parties hereby reserve their rights to challenge any party or non-party's claim that any information produced in this litigation is confidential or should be subject to this Order. The parties further reserve their rights to continue making full and appropriate use of any information that was lawfully in their possession before the date the Complaint was filed in this action, and nothing in this Order shall restrict a party from continuing to make use of said information simply because another party subsequently designates any portion of that information for protection under this Order.

6. As used herein:

   a. "Producing Party" means any person or entity that produces documents or information in connection with this action, including Defendant or any non-party.

   b. "Receiving Party" means the person or entity to whom a Producing Party produces any documents or other materials in connection with this action, including Plaintiff and Defendant.

   c. "Designating Party" means: (i) any Producing Party that designates documents or information as "Confidential" pursuant to the terms of this Order; or (ii) any party that designates documents or information subpoenaed from a non-party as "Confidential" pursuant to the terms of this Order.

   d. "Disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any person or entity Confidential Materials, whether pursuant to request, interrogatory, process, or otherwise, and

whether in accordance with the Federal Rules of Civil Procedure or otherwise.

7. <u>Confidential Materials</u>:   Any Designating Party may designate documents and other information produced in this action as "Confidential" if the Designating Party has a good faith belief that the document or information so designated constitutes: (a) non-public, proprietary or confidential research, development, or commercial information, trade secrets or non-public intellectual property, or pricing or financial data of the Designating Party or its affiliates, including policies and procedures, business plans, advertising or marketing initiatives, budget data, pricing models, sales data, and confidential tax data; (b) the personal information of consumers other than Plaintiff or of current and former employees with Defendant or its affiliates, including biographical data, bank account data, health and drug-testing data, public records data, background reports, and other similar, sensitive personal information; or (c) other proprietary or confidential information that would not be available to the public or non-parties outside the context of this litigation, including information otherwise protected from disclosure by statute or regulation.

8. Confidential Materials shall be used solely for the purpose of this action, shall not be used for any other business, competitive, or other purpose, and shall not be disclosed to any other person or entity other than:

    a. The parties in this action;

    b. Counsel for the parties in this action, including employees of such counsel to the extent necessary to render professional services in this action;

    c. The Court and persons employed by the Court working on this action;

    d. Court reporters at the proceedings in this action;

  e. Experts or consultants retained or consulted by the parties in connection with this action, but only as set forth in Paragraphs 9 and 10 below; and

  f. Deponents, trial witnesses, and potential witnesses in connection with this action, but only as set forth in Paragraphs 9 and 10 below.

 9. Prior to making the disclosure of any Confidential Materials pursuant to subsections (e) and (f) of Paragraph 8, counsel making such disclosure shall inform any person to whom disclosure is being made that the information or documents to be disclosed, or any portions thereof, may be used only for the purposes set forth in this Order.  In addition, such persons shall state their consent in writing (in the form of an Acknowledgment attached hereto as Exhibit A) to be bound by the terms of this Order.  The signed Acknowledgment forms will be e-mailed by counsel to opposing counsel immediately upon execution.

 10. In the event that any Confidential Materials are referred to or used in the deposition of any person initiated by any party, the parties' counsel shall have the option, during the deposition or within fourteen (14) days after the deposition, to require the reporter to prepare the transcript and exhibits as "Confidential." Exhibits previously designated as confidential shall remain protected under this Order regardless of whether the parties' counsel exercises the option provided by this paragraph.  Moreover, the parties may, at the deposition or within fourteen (14) days after receiving a copy of the deposition transcripts, designate deposition testimony or portions thereof as "Confidential."

 11. This Order does not limit the right of any party to object to the scope of discovery or to any particular discovery request in this action.

 12. Within thirty (30) days of the conclusion of this action, including any appeals, as to all parties, Confidential Materials produced by the producing party, as well as all copies, excerpts, or summaries thereof, shall be returned to the producing party or destroyed if the Producing Party so requests.  In the event counsel possesses attorney work product containing or referring to Confidential

1  Materials, such attorney work product shall remain subject to the restrictions set
2  forth in Paragraph 8 above or in the alternative may be destroyed.

3        13.    Nothing in this Order shall prevent a party from any use of its own
4  Confidential Materials.  Moreover, nothing in this Order shall limit the right of the
5  parties to use Confidential Materials for purposes of this action, including in any
6  pleadings, memoranda, briefs, exhibits, or other documents that may be prepared
7  in connection with this action.  In the event any party is seeking to file
8  Confidential Materials with the Court, it must contact the Designating Party four
9  business (4) days prior to such filing:  (i) to provide the Designating Party with
10 notice that it seeks to file Confidential Materials with the Court; and (ii) to meet
11 and confer in good faith to determine whether a redacted version of the
12 Confidential Materials can be filed with the Court.  If no agreement is reached for
13 the filing of a redacted version, the parties shall contact the Court in accordance
14 with Paragraph 20 at least two (2) business days before the Receiving Party's
   filing deadline.

15       14.    The inadvertent or unintentional disclosure of any Confidential
16 Materials shall not be construed to be a waiver, in whole or part, of any party's
17 claim of confidentiality, either as to the specific Confidential Materials disclosed
18 or as to other related information.

19       15.    Subject to Paragraph 20, any party may apply to the Court seeking
20 an order that information designated as "Confidential" pursuant to this Order need
21 not be treated as such.  The party seeking relief from this Order shall specify
22 which information designated as "Confidential" by a Designating Party for which
23 it disputes the designation and the reasons for the dispute.  In the event that the
24 Receiving Party disagrees with any designation made under this Order, the parties
25 shall first try in good faith to resolve the disagreement informally.  If the parties
26 cannot resolve the dispute and the Receiving Party concludes in good faith that
27 the Designating Party has improperly classified the materials, the Receiving Party
28 shall notify the Designating Party in writing, including by electronic transmission,

of its objection, and the Parties shall promptly contact the Court in accordance with Paragraph 20.

16. Except as otherwise provided herein, neither party shall disclose any information designated as "Confidential" without the written consent of the Designating Party or the express permission of the Court.

17. Furnishing of consumer report information regarding Plaintiff or other persons to persons identified in Paragraph 8 of this Order for the purposes of litigating this action is authorized by this Order pursuant to 15 U.S.C. § 1681b(a)(1).

18. The inadvertent production or disclosure of any document or filing otherwise protected by the attorney-client privilege or work product immunity shall not constitute or be deemed as a waiver or forfeiture of any such privilege or immunity, pursuant to Rule 502(d) of the Federal Rules of Evidence.

19. If, after learning of the inadvertent production or disclosure, the Producing Party wishes to assert its privilege or protection, it shall send to each Receiving Party a written request for return of the inadvertently produced or disclosed document or thing. Notwithstanding the procedures outlined in Paragraphs 19(a) to (d) below, a Receiving Party shall not further review the inadvertently produced document or thing except as necessary to identify it for return and destruction and, within five (5) business days of receiving such a request, each Receiving Party shall return to the Producing Party all such documents and things identified by the Producing Party as having been inadvertently produced, shall destroy any electronic copies such that they cannot in any way be retrieved or reproduced, and shall not utilize the information contained in such documents or things for any purpose.

   a. If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the Producing Party in

writing within five (5) business days of when the document or thing is returned to the Producing Party.

b. Within five (5) business days after receiving such notification, the Producing Party shall provide to the Receiving Party for each such document or thing a privilege log describing the basis for the claim of privilege or immunity.

c. Within five (5) business days after receiving such description, if the Receiving Party wishes to file a motion to compel production of such documents and things, the parties shall contact the Court in accordance with Paragraph 20.  If such a motion is filed, the Producing Party shall have the burden of proving that the documents and things in dispute are protected by the attorney-client privilege or by work-product immunity.

d. With respect to documents and things subsequently generated by a Receiving Party, which documents and things contain information derived from such inadvertently produced documents and things, if the Receiving Party does not notify the Producing Party that the Receiving Party disputes the claims of attorney-client privilege or work- product immunity, the Receiving Party shall either destroy the derivative documents and things or redact from them all such derivative privilege or work-product information in a manner such that the derivative information cannot in any way be retrieved or reproduced.

20. Before seeking relief from the Court due to an alleged violation of this Order, the party seeking relief shall attempt to resolve the matter by agreement with the other party.  If the parties are unable to resolve a dispute, they shall contact the chambers of the presiding United States District Judge, Honorable David G. Campbell, to schedule a telephone conference to discuss the matter.  If, after such conference, the matter remains in dispute, either party may promptly

present the matter to the Court by motion. During the pendency of such motion and unless the Court rules otherwise, any Confidential Materials shall be handled according to their designation.

21. The terms of this Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by Order of the Court.

22. The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

23. Any violation of the terms of this Order may, in the discretion of the Court, result in sanctions, an award of damages, or other appropriate relief as determined by the Court.

AGREED AND ACCEPTED:

Dated: October 27, 2017

| **LUTICIA TAYLOR** | **FIRST ADVANTAGE BACKGROUND SERVICES CORP.** |
|---|---|
| By: */s/ Susan Mary Rotkis*<br>    Susan Mary Rotkis<br>    srotkis@clalegal.com<br>    CONSUMER LITIGATION ASSOCIATES WEST, PLLC<br>    382 South Convent Avenue<br>    Tuscon, Arizona  85701<br>    (520) 622-2481<br><br>    Attorney for Plaintiff | By: */s/ Esther Slater McDonald*<br>    Donald Peder Johnsen (011545)<br>    dpj@gknet.com<br>    GALLAGHER & KENNEDY, P.A.<br>    2575 East Camelback Road<br>    Phoenix, Arizona 85016-9225<br>    (602) 530-8000<br><br>    Frederick T. Smith (*pro hac vice*)<br>    fsmith@seyfarth.com<br>    Esther Slater McDonald (*pro hac vice*)<br>    emcdonald@seyfarth.com<br>    SEYFARTH SHAW LLP |

1 | 1075 Peachtree Street, N.E.,
2 | Suite 2500
3 | Atlanta, Georgia 30309-3958
4 | (404) 885-1500
5 | Attorneys for Defendant
6 |
7 |
8 | Dated this 2nd day of November, 2017.
9 |
10 |
11 | _____
12 | David G. Campbell
13 | United States District Judge

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luticia Taylor, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>First Advantage Background Services Corp.,<br><br>Defendant. | No. CV17-1710-PHX DGC<br><br>**ACKNOWLEDGMENT OF AGREED PROTECTIVE ORDER** |

## **ACKNOWLEDGMENT**

I, _____, hereby acknowledge that I have read the Agreed Protective Order entered into by the parties on October 27, 2017 in connection with this action and am familiar with its terms.

I further acknowledge that I fully understand the provisions of the Agreed Protective Order, I agree to be bound by those provisions, and I have been apprised of the possible penalties attendant upon a violation of any of those provisions, including but not limited to being held in contempt.

DATE: _____

_____